**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

ERICH VANARD CRAWFORD,

 Defendant-Appellant.

No. 01-1049

(D.C. No. 00-CR-135-WM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Erich Vanard Crawford appeals his sentence imposed by the district court. We grant the motion to withdraw filed by Crawford's counsel and dismiss the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal.

Crawford pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), one count of brandishing and discharging a firearm during and in relation to the robbery, in violation of 18 U.S.C. § 924(c), and one count of carjacking, in violation of 18 U.S.C. § 2119. In exchange for his plea, the prosecution voluntarily dismissed an additional § 924(c) charge that allegedly occurred in connection with the carjacking. Crawford was sentenced to a total term of imprisonment of 183 months. Crawford's trial counsel filed a notice of appeal and a docketing statement indicating Crawford was raising "the issue of ineffective assistance of counsel."

Crawford's appellate counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), indicating counsel's belief that the record contains no meritorious issues for appeal. Counsel has also filed a motion requesting leave to withdraw as counsel, stating his belief that the appeal is frivolous. As required, copies of counsel's <u>Anders</u> brief and of his motion to withdraw were provided to Crawford. In response, Crawford submitted a one-page letter that requested the appointment of "an effective attorney," but he did not discuss the merits of the <u>Anders</u> brief.

Pursuant to our duty under <u>Anders</u>, we have conducted an independent review of the record and agree with Crawford's counsel that the appeal is frivolous. Ineffective assistance of counsel claims "brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir.

1995) (en banc).  "[O]nly in the very rare instance that a claim of ineffective assistance is fully developed in the record will we hear it for the first time on appeal."  <u>United States v. Boigegrain</u>, 155 F.3d 1181, 1186 (10th Cir. 1998).  The record in this case is not sufficiently developed to trigger this exception.

We GRANT counsel's motion to withdraw and DISMISS the appeal.  We note, however, that this dismissal does not preclude Crawford from raising his ineffective assistance of counsel claim in a proceeding brought under 28 U.S.C. § 2255.

Entered for the Court

Mary Beck Briscoe
Circuit Judge